IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX WILLIAM THOMPSON,

    Plaintiff,                                               No. CIV S-05-2384 FCD DAD P

    vs.

LASSEN COUNTY ADULT
DETENTION FACILITY,                       ORDER AND

    Defendant.                                    FINDINGS AND RECOMMENDATIONS

/

        Plaintiff, a county jail inmate proceeding pro se, has filed a civil rights action seeking relief pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        The district court is required to screen every complaint brought by an inmate seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A. When a plaintiff seeks to proceed in forma pauperis, the district court is required to dismiss the action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim has an arguable legal and
4  factual basis.  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.
5        A complaint may be dismissed for failure to state a claim upon which relief may
6  be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the
7  complaint that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984);
8  <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
9  a complaint under this standard, the court accepts as true the allegations of the complaint.  <u>See</u>
10 <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976).  The court also construes
11 the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's
12 favor.  <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).
13       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

17 42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of each
18 defendant and the deprivation alleged to have been suffered by the plaintiff.  <u>See</u> <u>Monell v.</u>
19 <u>Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A
20 person 'subjects' another to the deprivation of a constitutional right, within the meaning of
21 § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to
22 perform an act which he is legally required to do that causes the deprivation of which complaint
23 is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
24       The plaintiff in this case is now confined in the Plumas County Jail in Quincy.
25 Plaintiff has sued Lassen County Adult Detention Facility, a government entity located in
26 Susanville.  Plaintiff seeks damages of $75,000.00.  He alleges that Lassen County Adult

Detention Facility should have released him from custody on January 19, 2005, after he was arraigned and ordered released on his own recognizance. Plaintiff admits he was not released because a warrant check revealed a Shasta County warrant that appeared to be for his arrest, although it turned out that the warrant was not for him. After the first warrant issue was resolved, plaintiff was not released because Shasta County had by that time issued a warrant for plaintiff's arrest. Plaintiff was transported to Shasta County ten working days after the Lassen County court had ordered his release on his own recognizance. At some point, Shasta County returned plaintiff to Lassen County to "finish" the Lassen County proceeding. Plaintiff's exhibits show that after he was returned to Lassen County there was a parole hold on him for a period of time that is not clear.

Plaintiff's complaint is defective. First, the entity sued is not a "person" for purposes of § 1983. The complaint thus fails to name any defendant who could be served with the complaint if the court were to find that the pleading contains a cognizable claim. Second, plaintiff has not identified the federal right or rights he was deprived of by the events described in his complaint or identified the acts or omissions that entitle him to an award of damages. Third, plaintiff's complaint includes a concession of nonexhaustion of administrative remedies. Plaintiff alleges that a grievance procedure was available at the institution, that he filed a grievance concerning the facts relating to his complaint, and that the grievance process was not completed when he brought this action.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of prison administrative procedures is required regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). A remedy is available for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the

1  prisoner's grievance, even if the action that might be taken is not the remedial action sought by
2  the prisoner. Id. at 736. Courts are not permitted to read futility or other exceptions into the
3  statutory exhaustion requirement. Id. at 741 n.6. A prisoner's concession to nonexhaustion is a
4  valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003);
5  McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).

6  In the present case, plaintiff's complaint contains a concession to nonexhaustion.
7  This case should be dismissed without prejudice to the filing of a new civil rights action after
8  plaintiff has completed the grievance process. A new action should name appropriate defendants
9  and allege facts linking each named defendant to the violation of one or more federal civil rights.

10  Accordingly, IT IS HEREBY ORDERED that plaintiff's November 29, 2005
11  application to proceed in forma pauperis is denied; and

12  IT IS RECOMMENDED that this action be dismissed without prejudice for
13  failure to exhaust available administrative remedies before bringing this action.

14  These findings and recommendations will be submitted to the United States
15  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
16  twenty days after being served with these findings and recommendations, plaintiff may file
17  written objections with the court. A document containing objections should be titled "Objections
18  to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
19  objections within the specified time may, under certain circumstances, waive the right to appeal
20  the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)
21  DATED: December 15, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
thom2384.efr